**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SURAJ FERNANDO, ASITH GALKANDAGE,      Case No.
OSHAN ARACHCHIGE and SURESH
GALKANDAGE, *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*

                    Plaintiffs,          **CLASS AND COLLECTIVE ACTION**
                                      **COMPLAINT**

     -against-                                                       **Jury Trial Demanded**

MIDLAND GROCERY, INC. d/b/a All Night Long
Deli, TARAN CONVENIENCE INC. d/b/a
Armstrong 24 Hour Deli & Grocery,
D&H CONVENIENCE INC. d/b/a Classic Bagels
and JASWINDER KAUR, in her individual capacity,

                    Defendants.
----------------------------------------------------------X

       Plaintiffs Suraj Fernando ("Suraj"), Asith Galkandage ("Asith"), Oshan Arachchige

("Oshan") and Suresh Galkandage ("Suresh") (collectively, "Plaintiffs") allege on behalf of

themselves and others similarly situated, against Midland Grocery, Inc. d/b/a All Night Long

Deli ("Midland"), Taran Convenience Inc. d/b/a Armstrong 24 Hour Deli & Grocery

("Armstrong"), D&H Convenience Inc. d/b/a Classic Bagels ("D&H") and Jaswinder Kaur

("Kaur") (collectively, "Defendants"), upon information and belief, as follows:

## <u>NATURE OF THE CLAIMS</u>

1.   Suraj was employed the Defendants for approximately the past twelve years.  Suraj

     would work a twelve hour shift (from 6am to 6pm), six or seven days per week.

     Defendants paid Suraj $8.50 per hour in cash from approximately October 2017 to

     December 6, 2017; and prior to that, $8.00 per hour in cash.  Suraj was not paid

     minimum wage, overtime or spread of hours.

2.   Asith was employed by the Defendants for approximately the past six years.  Asith would

work a twelve hour shift (from 6am to 6pm), six or seven days per week.  Defendants

paid Asith $8.50 per hour in cash from approximately October 2017 to November 26,

2017; and prior to that, $8.00 per hour in cash.  Asith was not paid minimum wage,

overtime or spread of hours.

3.  Oshan was employed by the Defendants from approximately 2013 or 2014 to December

10, 2017.  Oshan would work a twelve hour shift, six or seven days per week (from 6pm

to 6am).  Defendants paid Oshan $7.50 per hour in cash.  Oshan was not paid minimum

wage, overtime or spread of hours.

4.  Suresh was employed by the Defendants from approximately 2013 or 2014 to December

10, 2017.  From October 2017 to December 10, 2017, Suresh would work a twelve hour

shift, six or seven days per week (from 6pm to 6am).  Prior to October 2017, Suresh

worked approximately 66 hours per week, including an 18-hour shift at D&H.

Defendants paid Suresh $7.50 per hour in cash from the start of his employment until

October 2017; and $8.00 per hour in cash after that.  Suresh was not paid minimum wage,

overtime or spread of hours.

5.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201

*et. seq.* ("FLSA") that they and others similarly situated are entitled to recover from

Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and

(4) attorneys' fees and costs.

6.  Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they

and others similarly situated, are entitled to recover from Defendants: (1) unpaid

minimum wage, (2) unpaid overtime, (3) unpaid spread-of-hours premium, (4) statutory

penalties for wage notice violations, (5) liquidated damages and (6) attorneys' fees and

costs.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28

U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state

law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391

because Plaintiffs reside in this district and because Defendants' businesses are located in

this district.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201

and 2202.

## PARTIES

10. Plaintiff Suraj Fernando ("Suraj") was and is a resident of Richmond County, New York.

11. Plaintiff Asith Galkandage ("Asith") was and is a resident of Richmond County, New

York.

12. Plaintiff Oshan Arachchige ("Oshan") was and is a resident of Richmond County, New

York.

13. Plaintiff Suresh Galkandage ("Suresh") was and is a resident of Richmond County, New

York.

14. Defendant Midland Grocery, Inc. d/b/a All Night Long Deli ("Midland") was and is a

domestic business corporation organized under the laws of the State of New York., with a

principal place of business located at 508 Midland Avenue, Staten Island NY 10306.

15. At all times relevant to this action, Midland has been a business or enterprise engaged in

interstate commerce employing more than two (2) employees and earning gross annual

3

sales over $500,000.00.

16. Defendant Taran Convenience Inc. d/b/a Armstrong 24 Hour Deli & Grocery ("Armstrong") was and is a domestic business corporation organized under the laws of the State of New York., with a principal place of business located at 4295 Amboy Road, Staten Island NY 10312.

17. At all times relevant to this action, Armstrong has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

18. Defendant D&H Convenience Inc. d/b/a Classic Bagels ("D&H") was and is a domestic business corporation organized under the laws of the State of New York., with a principal place of business located at 3211 Richmond Road, Staten Island NY 10306.

19. At all times relevant to this action, D&H has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

20. Defendant Jaswinder Kaur ("Kaur"), upon information and belief, was and is a resident of the State of New York.

21. At all times relevant to this action, Kaur was and is the Owner and Chief Executive Officer of Midland.

22. At all times relevant to this action, Kaur was and is the Owner and Chief Executive Officer of Armstrong.

23. At all times relevant to this action, Kaur was and is the Owner and Chief Executive Officer of D&H.

24. Kaur exercised control over the employment terms and conditions of the Plaintiffs, FLSA

4

Collective Plaintiffs and Class Members.  Kaur had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs, FLSA Collective Plaintiffs and Class Members.  At all times, employees could complain to Kaur directly regarding any of the terms of their employment, and Kaur would have the authority to effect any changes to the quality and terms of employees' employment. Kaur exercised functional control over the business and financial operations of Midland, Armstrong and D&H.

25. The acts of Midland, Armstrong and D&H charged in this Complaint were authorized, directed or accomplished by Kaur individually, by herself or her agents, officers, employees or representatives, while actively engaged in the management of Midland, Armstrong and D&H's businesses.

26. At all relevant times, Midland was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

27. At all relevant times, Armstrong was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

28. At all relevant times, D&H was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

29. At all relevant times, the work performed by the Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the businesses operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including deli workers, food preparers, cashiers and delivery persons, employed by the Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

31. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

32. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English and Spanish for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

33. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including deli workers,

food preparers, cashiers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

34. All said persons, including the Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

35. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

36. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the NYLL. Defendants' corporate-wide policies and practices

affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

37. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.   Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying

adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

40. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed the Plaintiffs and Class members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

(d) Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate and overtime rate;

(e)  Whether Defendants paid the Plaintiffs and Class members the proper minimum wage compensation under the NYLL;

(f)  Whether Defendants paid the Plaintiffs and Class members the proper overtime compensation under the NYLL;

(g)  Whether Defendants paid the Plaintiffs and Class members the spread of hours premium as required by the NYLL;

(h)  Whether Defendants provided proper wage statements to the Plaintiffs and Class members per requirements of the NYLL; and

(i)  Whether Defendants provided proper wage and hour notices to the Plaintiffs and Class members, at date of hiring and annually, as required by the NYLL.

## **STATEMENT OF FACTS**

Wage Claims for Suraj

41. Defendants are engaged in the deli and grocery business in Staten Island, New York.

42. For approximately the past twelve years, Suraj was employed on a full-time basis by the Defendants.

43. Suraj was employed by the Defendants from approximately 2005 or 2006 to December 6, 2017.

44. For approximately the past six years, Suraj worked at Midland.

45. Suraj's job responsibilities while employed by the Defendants included but were not limited to working the cash register, assisting customers and ordering food for the store.

46. During Suraj's employment with the Defendants, Suraj worked in excess of forty (40) hours per week and ten (10) hours per day.

47. At Midland, Suraj worked a 12-hour shift, from 6am to 6pm, six or seven days per week.

48. From approximately 2011 to October 2017, Defendants paid Suraj $8.00 per hour.

49. Defendants paid Suraj $8.50 per hour from October 2017 to December 6, 2017.

50. Defendants paid Suraj solely in cash.

51. The Defendants did not provide a wage notice to Suraj upon his hire; or annually.

52. The Defendants did not provide Suraj with a proper wage statement with each payment he received.

53. The Defendants failed to pay Suraj the proper minimum wage.

54. Although Suraj worked over forty hours per week, Defendants failed to pay Suraj at the required overtime premium rate.

55. Although Suraj worked daily shifts in excess of ten hours, Defendants failed to pay Suraj spread-of-hours.

Wage Claims for Asith

56. For approximately the past six years, Asith was employed on a full-time basis by the Defendants.

57. For the past four years, Asith worked at Armstrong.

58. Prior to that, Asith worked at Midland, Armstrong and D&H.

59. Asith's job responsibilities while employed by the Defendants included but were not limited to working the cash register, assisting customers and ordering food for the store.

60. During Asith's employment with the Defendants, Asith worked in excess of forty (40) hours per week and ten (10) hours per day.

61. At Armstrong, Asith worked a 12-hour shift, from 6am to 6pm, six or seven days per week.

62. From approximately 2012 to 2017, Defendants paid Asith $8.00 per hour.

63. Defendants paid Asith $8.50 per hour from October 2017 to November 26, 2017.

64. Defendants paid Asith solely in cash.

65. The Defendants did not provide a wage notice to Asith upon his hire; or annually.

66. The Defendants did not provide Asith with a proper wage statement with each payment he received.

67. The Defendants failed to pay Asith the proper minimum wage.

68. Although Asith worked over forty hours per week, Defendants failed to pay Asith at the required overtime premium rate.

69. Although Asith worked daily shifts in excess of ten hours, Defendants failed to pay Asith spread-of-hours.

   Wage Claims for Oshan

70. Since approximately 2013 or 2014, Oshan was employed on a full-time basis by the Defendants.

71. Oshan was employed by the Defendants from approximately 2013 or 2014 to December 10, 2017.

72. For the past three years, Oshan worked at Midland.

73. Prior to that; Oshan also worked at Armstrong and D&H.

74. Oshan's job responsibilities while employed by the Defendants included but were not limited to working the cash register, assisting customers and ordering food for the store.

75. During Oshan's employment with the Defendants, Oshan worked in excess of forty (40) hours per week and ten (10) hours per day.

76. At Midland, Oshan worked a 12-hour shift, from 6pm to 6am, six or seven days per week.

77. Defendants paid Oshan $7.50 per hour.

78. Defendants paid Oshan solely in cash.

79. The Defendants did not provide a wage notice to Oshan upon his hire; or annually.

80. The Defendants did not provide Oshan with a proper wage statement with each payment he received.

81. The Defendants failed to pay Oshan the proper minimum wage.

82. Although Oshan worked over forty hours per week, Defendants failed to pay Oshan at the required overtime premium rate.

83. Although Oshan worked daily shifts in excess of ten hours, Defendants failed to pay Oshan spread-of-hours.

Wage Claims for Suresh

84. Since approximately 2013 or 2014, Suresh was employed on a full-time basis by the Defendants.

85. Suresh was employed by the Defendants from approximately 2013 or 2014 to December 10, 2017.

86. Suresh's job responsibilities while employed by the Defendants included but were not limited to working the cash register, assisting customers and ordering food for the store.

87. During Suresh's employment with the Defendants, Suresh worked in excess of forty (40) hours per week and ten (10) hours per day.

88. From the start of his employment until approximately October 2017, Suresh worked the following schedule: Monday 6pm to Tuesday 6am at Midland, Wednesday 5am to 11pm at Classic Bagels (an 18-hour shift), Thursday 6am to 6pm at Midland, Friday 6am to 6pm at Armstrong and Saturday 6pm to Sunday 6am at Armstrong.

13

89. From approximately October 2017 to December 10, 2017, Suresh worked at Armstrong. During this time, Suresh worked from 6pm to 6am, six or seven days per week.

90. From approximately 2013 or 2014 to October 2017, Defendants paid Suresh $7.50 per hour.

91. Defendants paid Suresh $8.00 per hour from approximately October 2017 to December 10, 2017.

92. Defendants paid Suresh solely in cash.

93. The Defendants did not provide a wage notice to Suresh upon his hire; or annually.

94. The Defendants did not provide Suresh with a proper wage statement with each payment he received.

95. The Defendants failed to pay Suresh the proper minimum wage.

96. Although Suresh worked over forty hours per week, Defendants failed to pay Suresh at the required overtime premium rate.

97. Although Suresh worked daily shifts in excess of ten hours, Defendants failed to pay Suresh spread-of-hours.

98. The Defendants failed to pay the Plaintiffs, FLSA Collective Plaintiffs and Class members the required minimum wage.

99. Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

100.    Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that exceeded 10 hours in length.  Defendants never paid them the spread of hours premium as required by the NYLL.

101.    Defendants knowingly and willfully operated their business with a policy of not

paying the required minimum wage to the Plaintiffs, FLSA Collective Plaintiffs and Class Members.

102.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

103.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

104.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to the Plaintiffs and Class members, in violation of the NYLL.

105.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

106.    The Plaintiffs retained Akin Law Group PLLC to represent the Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**FIRST CAUSE OF ACTION**
**FLSA – UNPAID MINIMUM WAGE**

107.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

108.    By failing to pay the required minimum wage, Defendants have violated and

continue to violate the FLSA.

109.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

110.    Defendants' failure to pay the required minimum wage caused Plaintiffs and the

Collective Action Members to suffer loss of wages and interest thereon.  Plaintiffs and

the Collective Action Members are entitled to recover from Defendants their unpaid

minimum wage, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant

to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – UNPAID MINIMUM WAGE**

111.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and

reallege each and every allegation of the preceding paragraphs hereof with the same force

and effect as though fully set forth herein.

112.    Defendants willfully violated the Plaintiffs and the Class Members' rights by

failing to pay the required minimum wage, in violation of the NYLL and regulations

promulgated thereunder.

113.    Defendants' failure to pay the required minimum wage caused the Plaintiffs and

the Class Members to suffer loss of wages and interest thereon.  The Plaintiffs and the

Class Members are entitled to recover from the Defendants their unpaid minimum wage,

damages for unreasonably delayed payment of wages, liquidated damages, reasonable

attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et*

*seq.*

## THIRD CAUSE OF ACTION
## FLSA – UNPAID OVERTIME

114.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

115.    By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

116.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

117.    Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
## NYLL – UNPAID OVERTIME

118.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

119.    Defendants willfully violated the Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the

regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL
and regulations promulgated thereunder.

120.     Defendants' failure to pay overtime premium compensation caused the Plaintiffs
and the Class Members to suffer loss of wages and interest thereon. The Plaintiffs and
the Class Members are entitled to recover from the Defendants their unpaid overtime
compensation, damages for unreasonably delayed payment of wages, liquidated damages,
reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL
§§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NYLL – UNPAID SPREAD-OF-HOURS

121.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege
each and every allegation of the preceding paragraphs hereof with the same force and
effect as though fully set forth herein.

122.     Defendants willfully violated the Plaintiffs and the Class Members' rights by
failing to pay compensation in an amount equal to one hour's pay at the relevant
minimum wage in all instances where the Class Members worked either a split shift or
more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations
promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7
(2010), 146-1.6 (2012).

123.     Defendants' failure to pay spread-of hours compensation caused the Plaintiffs and
the Class Members to suffer loss of wages and interest thereon. The Plaintiffs and the
Class Members are entitled to recover from Defendants their unpaid spread-of-hours
compensation, damages for unreasonably delayed payment of wages, liquidated damages,
reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL

§§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## NYLL – FAILURE TO PROVIDE WAGE STATEMENT

124.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

125.    Defendants have willfully failed to supply the Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

126.    Due to the Defendants' violations of the NYLL, the Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and supporting regulations;

g.  An award of compensatory damages as a result of Defendants' failure to pay proper minimum wage, overtime compensation and spread of hours pay pursuant to the NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay proper minimum wage, overtime compensation and spread of hours premium pursuant to the FLSA and NYLL;

i.   An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

j.   One hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of the NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.   An award of prejudgment and post-judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

m.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: December 12, 2017
     New York, New York

              Respectfully submitted,

              **Akin Law Group PLLC**

              */s/ Robert D. Salaman*
              _____

              Robert D. Salaman
              45 Broadway, Suite 1420
              New York, NY 10006
              (212) 825-1400
              rob@akinlaws.com

              *Counsel for Plaintiffs, FLSA Collective Plaintiffs and the Class*