# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400   Fax. (212) 825-1440

ZAFER A. AKIN  
LEPOLD RAIC  
ROBERT D. SALAMAN  
-----------------------------------

GULSAH SENOL  
SIMI BHUTANI  
----------------------------------------

<u>**Via ECF**</u>

November 12, 2018

Honorable James Orenstein:  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re: ***Suraj Fernando, et al. v. Midland Grocery, Inc., et al.***  
       Case No. 17-cv-7231 (PKC) (JO)

Dear Judge Orenstein:

  We represent the Plaintiffs Suraj Fernando, Asith Galkandage, Oshan Arachchige and Suresh Galkandage (collectively, "Plaintiffs") in the above-referenced matter. We write on behalf of all Parties to inform the Court that a settlement has been reached following extensive conversations over several months. We respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement (Ex. A).

  The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

## I. The Proposed Settlement Agreement Is Fair and Reasonable

  In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015). The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. ELXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel.  (212) 825-1400     Fax.   (212) 825-1440

fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, Plaintiffs, former employees at Defendants' convenience stores, allege that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay proper minimum wage, overtime and spread-of-hours during their employment.

Plaintiff Suraj Fernando Suraj testified that he worked 12 hours per day, 7 days per week from 2005 to December 2017 (the NYLL statute of limitations period is 6 years – December 2011).  He was paid $7.50 per hour in 2011 and 2012, $8.00 per hour from 2013 to 2017 and $8.50 for the final month of his employment.

Plaintiff Asith Galkandage testified that he worked from 12 hours per day, 6 or 7 days per week from mid-2014 to December 2017.  From 2011 to mid-2014, Asith worked 5 days per week and a total of 66 hours (including an 18-hour shift).  He was paid $7.00 per hour from 2011-2013, $7.50 per hour in 2014 and 2015, $8.00 per hour in 2016 and 2017, and $8.50 per hour for the final month of his employment.

Plaintiff Oshan Arachchige testified that he worked 12 hours per day, 7 days per week from May 2014 to December 2017.  He was paid $7.00 per hour first his first year employed, and $7.50 per hour from mid-2015 to December 2017.

Plaintiff Suresh Galkandage testified that he worked 12 hours per day, 7 days per week from September 2014 to December 2017.  He was paid $7.50 per hour throughout his employment.

Defendants dispute the amount of hours worked and the pay received by the Plaintiffs.  Further and most significantly, Defendants are in severe financial straits.  Defendant Kaur took over the businesses from her deceased husband, who hired and fired all employees, paid them, and set their rate of pay.  Upon her husband's death, Kaur was left a widow with a business that was a mystery to her.  Plaintiffs are agreeing to settle now for less than what they believe is allegedly owed, due to genuine concerns about Defendants' ability to pay a trial verdict.

Given the risks for both sides in the litigation, the Proposed Agreement awarding Plaintiffs a total sum of $70,000.00 is fair and reasonable. The Settlement Agreement will also spare the parties the expense of conducting a trial.  Further, the Settlement Agreement provides Plaintiffs with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all.  Third, the Settlement Agreement allows the parties to avoid the litigation risks set forth above.  Fourth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of several months. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

**AKIN LAW GROUP PLLC**
45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax. (212) 825-1440

## II.     The Attorney's Fees Are Fair and Reasonable

Under the settlement, Plaintiffs' counsel, Akin Law Group PLLC, receives $23,333.33 for its attorney's fees and costs. Two attorneys at Akin Law Group PLLC worked on Plaintiff's file. Zafer A. Akin, the Principal at Akin Law Group, is an attorney in good standing with an unblemished record. He was duly admitted to practice law in the State of New York in 1995, duly admitted to in the State of New Jersey in 1994, and duly admitted in the United States District Court for the Eastern District of New York in in 1995. Mr. Akin was listed as one of the Top Lawyers in New York by the Legal Network for 2013 and 2014, was selected to Super Lawyers / New York Metro four years in a row, from 2014 through 2017 as an attorney who as attained a high-degree of peer recognition and professional achievement. On June 30, 2005, Mr. Akin also received a Certificate of Appreciation for Extraordinary Service for serving as part of the New York State Trial Lawyers' Cares Team, which aided over 1,700 victims' families, *pro bono*. Mr. Akin has an unblemished record practicing law for over 22 years as a General Partner at Akin and Smith from 1995 to 2010 and the Akin Law Group from 2010 up to the present, having represented thousands of clients. His reduced rate is $400.00 per hour.

Robert D. Salaman is an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013). Mr. Salaman became a full time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013. He has worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side. Mr. Salaman's accolades were recognized by Super Lawyers / New York Metro, which named him a Rising Star 2015, 2016 and 2017. His reduced rate is $300.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonable of the fee award." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees. Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.
> *Id*. (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that Plaintiffs' recovery has not been adversely affected by counsel's interest in its own compensation. In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

**AKIN LAW GROUP PLLC**

**45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

The attorney's fees amount of $23,333.33 is reasonable under the lodestar approach which courts typically apply in FLSA cases. *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28. Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiffs' 'partial or limited success'" applies in cases like this one where the fee amount has already been settled. *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here. Indeed, the agreed amount of $23,333.33 is already substantially lower than the $31,410.00 indicated on Plaintiffs' counsel's billing records. Attached as Exhibit B is Plaintiffs' counsel's billing records and attached as Exhibit C are Plaintiffs' retainer agreements with Akin Law Group PLLC.

This Court has held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit." *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases"). **In this case, the attorney's fees and costs Plaintiff's counsel is recovering are 33% of Plaintiffs' recovery.**

Given Plaintiffs' counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations. Accordingly, the time spent by Plaintiffs' counsel on this case was reasonable.

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice. We thank Your Honor for your time and attention to this matter.

    Very truly yours,

    **Akin Law Group PLLC**

    */s/ Robert D. Salaman*
    _____
    Robert D. Salaman

cc:    Mark B. Stumer
    *Attorneys for Defendants*
    (via ECF)